UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

DARTANIAN TAYLOR
4804 Newport Lane
Racine, Wisconsin 53403

      Plaintiff,

    v.                                                      Case No. 25-cv-187

THE BRITISH INTERNATIONAL
SCHOOL OF HOUSTON                            **JURY TRIAL DEMANDED**
2203 North Westgreen Boulevard
Katy, Texas 77449

      Defendant

## COMPLAINT

## NATURE OF ACTION

1.    This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA"), as amended by the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. § 12101, *et seq.* ("ADAAA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Plaintiff, Dartanian Taylor, a qualified individual with disabilities, who was adversely affected by such practices. Plaintiff alleges that Defendant, The British International School of Houston, violated the ADA, as amended by the ADAAA, by discriminating against him on the basis of his disabilities when it revoked or rescinded an offer of employment previously extended to him because of his disabilities.

1

## JURISDICTION & VENUE

2.     This court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the Americans with Disabilities Act ("ADA"), as amended by the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. § 12101, *et seq.* ("ADAAA"), and pursuant to 28 U.S.C. § 1343 because this case involves an Act of Congress providing for protection of civil rights.

3.     Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the events giving rise to the claims and/or the unlawful employment practices occurred in this District.

## PARTIES AND COVERAGE

4.     Plaintiff, Dartanian Taylor, is a male resident of the State of Wisconsin, with a post office address of 4804 Newport Lane, Racine, Wisconsin 53403.

5.     During the relevant times as stated herein, Plaintiff was (and is) a resident of the State of Wisconsin.

6.     Defendant was, at all material times herein, a corporation doing business in the State of Texas with a principal place of business located at 2203 North Westgreen Boulevard, Katy, Texas 77449.

7.     During the relevant times as stated herein, Defendant continuously employed at least fifteen (15) employees.

8.     During the relevant times as stated herein, Defendant was a covered entity for purposes of the ADA.

**GENERAL ALLEGATIONS**

9.     Plaintiff suffers from Major Depression, Post Traumatic Stress Disorder, Panic Disorder, and Mood Disorder, which are all mental health conditions that substantially and negatively affect the normal functioning of Plaintiff's brain, Plaintiff's cognitive systems, and Plaintiff's ability to, among other things: eat, sleep, think, concentrate, interact or communicate with others, perform manual tasks or physical activities, and, at times, to work.

10.     During the relevant times as stated herein, Defendant was aware of and/or had knowledge of Plaintiff's Major Depression, Post Traumatic Stress Disorder, Panic Disorder, and Mood Disorder.

11.     Plaintiff also suffers from Thyroid disorders, which are physical conditions that substantially and negatively affect the normal function of Plaintiff's Thyroid, Plaintiff's digestive system, Plaintiff's endocrine systems, and Plaintiff's ability to, among other things: to regulate and control the hormone production in his body; to control the speed of his metabolism and digestive system; and to sleep, perform manual tasks or physical activities, and, at times, to work.

12.     During the relevant times as stated herein, Defendant was aware of and/or had knowledge of Plaintiff's Thyroid disorders.

13.     On or about January 27, 2022, Plaintiff, from his home in the State of Wisconsin, submitted a written application for the open position of University Counsellor with Defendant.

14.     At all relevant times, Plaintiff could perform all of the job duties of the University Counsellor position with Defendant.

15.     At all relevant times, Plaintiff could perform the essential functions of the University Counsellor position with Defendant, with or without reasonable accommodations.

16.     On or about February 7, 2022, and following virtual interviews conducted from Plaintiff's home in the State of Wisconsin with several of Defendant's supervisory and managerial

3

employees, Defendant offered Plaintiff employment in the position of University Counsellor, which Plaintiff accepted.

17.     Following Plaintiff's acceptance of Defendant's employment offer for the University Counsellor position, Defendant contacted and/or communicated with Plaintiff's prior employer(s) to obtain employment references and any other information regarding Plaintiff's prior employment with said employer(s).

18.     When Defendant contacted and/or communicated with Plaintiff's prior employer(s) in order to obtain employment references and any other information regarding Plaintiff's prior employment with said employer(s), one of Plaintiff's prior employer(s) provided information and/or communicated to Defendant regarding Plaintiff's mental health conditions and/or Plaintiff's physical conditions – his disabilities – including but not limited to: disclosing the specific diagnoses of Plaintiff's mental health and/or physical conditions, generally discussing Plaintiff's mental health and/or physical conditions, and/or disclosing Plaintiff's dates of prior medical leave taken for his mental health and/or physical conditions.

19.     On or about February 28, 2022, and subsequent to communicating with Plaintiff's prior employer(s) regarding Plaintiff's mental health and/or physical conditions and past medical leave taken for same, Defendant revoked or rescinded Plaintiff's offer of employment for the University Counsellor position and refused to employ Plaintiff, communicating to Plaintiff, at least in part, and while Plaintiff was in the State of Wisconsin, that its decision was "based on the responses" Defendant received from Plaintiff's prior employer(s), or words to that effect.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

20.    On June 7, 2022, Plaintiff dual-filed a charge of discrimination with the Equal Employment Opportunity Commission – Houston District Office ("EEOC"), designated as EEOC Case No. 460-2022-02927, alleging, among other things, violations of the ADA for disability discrimination, which was cross-filed with the Texas Workforce Commission, Civil Rights Division.

21.    The EEOC subsequently investigated Plaintiff's complaint and, after a Cause finding, engaged in conciliation efforts regarding Plaintiff's claims against Defendant.

22.    Conciliation efforts by the EEOC were unsuccessful and the EEOC subsequently issued a Notice of Right to Sue in Case No. 460-2022-02927, dated March 26, 2024.

23.    Following the issuance of the Notice of Right to Sue, Plaintiff and Defendant mutually entered into a Tolling Agreement, effective June 21, 2024, upon which the parties agreed that the applicable statute of limitations on Plaintiff's ADA claims would be tolled from the Effective Date of the Tolling Agreement while the parties directly discussed potential resolution of Plaintiff's claims.

24.    On January 23, 2025, Defendant provided written notice to Plaintiff of its intention to end the Tolling Agreement, which "shall terminate fourteen (14) days after either party gives written notice of cancellation to the other," or February 6, 2025.

25.    Plaintiff has exhausted all administrative remedies and filing requirements prior to bringing this action and has filed this Complaint within ninety (90) days subsequent to receiving the Notice of Right to Sue in Case No. 460-2022-02927, dated March 26, 2024, as tolled by the Tolling Agreement.

**CAUSE OF ACTION – DISABILITY DISCRIMINATION (FAILURE TO HIRE)**

26.      Plaintiff re-alleges and incorporates the aforementioned paragraphs of this Complaint by reference.

27.      Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) of the ADA, 42 U.S.C. § 12111(5), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S. C. § 2000e(g) and (h).

28.      At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

29.      At all relevant times, Plaintiff was a qualified individual with disabilities within the meaning of Section 101(8) of the ADA, 42 U.S.C. § 12111(8).

30.      The American Disabilities Act of 1990, as amended, makes it unlawful for an employer to "discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

31.      Defendant intentionally discriminated against Plaintiff, a qualified individual with a disability, on the basis of his disabilities by unlawfully in rescinding or revoking its offer of employment and refusing to hire Plaintiff because of his disabilities. ADA, 42 U.S.C. §§ 12112(a).

32.      The effect of these practices complained of has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect him because of his disabilities in violation of Title I of the ADA, 42 U.S.C. § 12112.

33.      Plaintiff's disabilities were the determining factor and/or a motivating factor in Defendant's decision to unlawfully revoke the offer of employment and in refusing to employ Plaintiff.

6

34.     Defendant's unlawful actions were intentional, willful, malicious, and/or done with malice or with reckless indifference to the federally protected rights of Plaintiff.

35.     As a direct, legal, and proximate result of Defendant disability discrimination, Plaintiff has suffered damages in the form of lost wages, lost benefits, and compensatory damages, in the form of emotional pain, suffering, loss of enjoyment in life and humiliation, in an amount that is to be proven at trial.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with Defendant, from engaging in any employment practice that violates Title I of the ADA;

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices;

C. Order the Defendant to make Plaintiff whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, reinstatement or front pay;

D. Order the Defendant to make Plaintiff whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above;

E. Order the Defendant to make Plaintiff whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including but not limited to, emotional pain, suffering, loss of enjoyment in life and humiliation;

F.  Order the Defendant to pay Plaintiff punitive damages for its intentional, malicious, and

reckless conduct, in amounts to be determined at trial;

G.  Grant such further relief as the Court deems just and equitable; and

H.  Award Plaintiff his reasonable attorney's fee, including litigation expenses and costs,

pursuant to 42 U.S.C. § 12205.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 6th day of February 2025

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

**s/ *Scott S. Luzi***

James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405
Megan C. Mirka, State Bar No. 1116377

WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: jwalcheske@walcheskeluzi.com
E-Mail: sluzi@walcheskeluzi.com
E-Mail: mmirka@walcheskeluzi.com